UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,
    Plaintiff,

v.

BOBBY GUTIERREZ, et al.,
    Defendants.

No. 16-cr-114 (VAB)

### ORDER ON MOTION TO WITHDRAW GUILTY PLEA

On June 1, 2017, Stanley Cavienss ("Defendant") filed a motion to withdraw his plea of guilty, which he entered before this Court on July 13, 2016. *See* Motion, ECF No. 327. The Court held a hearing regarding this motion on July 7, 2017. For the reasons that follow, Mr. Cavienss's motion is **DENIED**.

### I. PROCEDURAL BACKGROUND

On June 7, 2016, Mr. Cavienss was indicted on charges of conspiracy to distribute and to possess with intent to distribute 500 grams or more of cocaine in Count One; conspiracy to distribute and to possess with intent to distribute heroin in Count Two; and the use, carrying, and possession of a firearm during and in relation to and in furtherance of a drug trafficking felony in Count Six. *See* Indictment, ECF No. 12. Count One carried a statutory mandatory minimum sentence of five years' imprisonment and a maximum sentence of 40 years' imprisonment. *See* 18 U.S.C. § 841(b)(1)(B). Count Two carried a sentence of up to 20 years' imprisonment. *See* 18 U.S.C. § 841(b)(1)(C). Count Six carried a statutory mandatory minimum of five years' imprisonment, to be served consecutively to the sentence for any other offense. *See* 18 U.S.C. §

1

924(c)(1)(A), (c)(1)(D) (providing that the sentence under this section cannot "run concurrently with any other term of imprisonment imposed on the person").

On June 9, 2016, Mr. Cavienss initially entered a plea of not guilty on all counts. ECF No. 46. On July 13, 2016, Mr. Cavienss entered a plea of guilty on Count One and Count Two. ECF No. 102. Mr. Cavienss entered a plea agreement with the Government. ECF No. 103. At the July 13, 2016 change of plea hearing, Mr. Cavienss, his then-counsel Walter Bansley, and Assistant United States Attorney Anthony Kaplan appeared before the Court. See Plea Trans. 1, ECF No. 327-4.

At the plea hearing, Mr. Bansley represented to the Court that he had no difficulty communicating with Mr. Cavienss and that he believed that Mr. Cavienss understood the implications of pleading guilty:

> THE COURT: Mr. Bansley, are you sure that the defendant understands the nature of these proceedings?
> MR. BANSLEY: I am, your Honor.
> THE COURT: Have you had any difficulty in communicating with your client?
> MR. BANSLEY: I have not, your Honor.
> THE COURT: Have you discussed this case with him?
> MR. BANSLEY: I have, your Honor.
> THE COURT: Do you believe that he understands the rights he will be waiving by pleading guilty?
> MR. BANSLEY: I do, your Honor.
> THE COURT: Do you believe he's capable of understanding what that would mean?
> MR. BANSLEY: He is, your Honor.
> THE COURT: And do you have any doubts as to his competence to plead guilty at this time?
> MR. BANSLEY: No doubts, your Honor.

Plea Trans. 7:2-21. Later during the hearing, Mr. Bansley reiterated these representations:

> THE COURT: Mr. Bansley, are you sure that Mr. Cavienss has had enough time and received enough information and guidance from you about the strength of the government's case and the strength of any defense case such that he's able to make a knowing, intelligent and voluntary choice to plead guilty here today, sir?
> MR BANSLEY: Yes, your Honor.

> THE COURT: Are you convinced he understands the rights he will be waiving by pleading guilty?
> MR. BANSLEY: I am, your Honor.
> THE COURT: Are you convinced he understands the minimum and maximum sentence involved with this case?
> MR. BANSLEY: Yes, your Honor.

*Id.* 17:23-18:13.

Mr. Cavienss also stated that he had been satisfied with Mr. Bansley's representation in this case:

> THE COURT: Mr. Cavienss, have you had an opportunity to discuss your case with Mr. Bansley?
> THE DEFENDANT: Yes, your Honor.
> THE COURT: Are you satisfied with the representation you've been provided by him?
> THE DEFENDANT: Yes, your Honor.

Plea Trans. 7:22-8:3. Mr. Cavienss further explained that he had discussed his plea agreement with Mr. Bansley and that he was, again, satisfied with Mr. Bansley's representation in the following exchange:

> THE COURT: Have you had enough opportunity and information to discuss your case with your attorney?
> THE DEFENDANT: Yes, your Honor.
> THE COURT: And do you believe that he's answered your questions well enough and given you enough advice and guidance for you to make a decision about pleading guilty?
> THE DEFENDANT: Yes, your Honor.
> THE COURT: Do you have any concerns about whether he's done a good job for you?
> THE DEFENDANT: No, your honor.

*Id.* 9:16-10:2.

During the plea hearing, Mr. Cavienss also raised certain question about the rights that he would give up by pleading guilty:

> THE COURT: And do you have any questions? Just make sure you are comfortable.
> THE DEFENDANT: I just had one question for your Honor.

> I understand the plea agreement and – because we went over it, but there was one thing I had to ask your Honor. . . .
> MR. BANSLEY: One moment please, your Honor.
> THE COURT: Yes.
> (Discussion held off the record.)
> THE COURT: All right?
> MR. BANSLEY: We're all set, your Honor.
> MR. KAPLAN: May I have a moment, your Honor?
> THE COURT: Yes.
> (Discussion held off the record.)
> MR. BANSLEY: Your Honor, I just want to make it clear for your Honor that Mr. Cavienss is extremely nervous about everything.
> THE COURT: I understand he's very nervous.
> MR. BANSLEY: He has no criminal record. He's never been through the process. I'm trying to help him out along here.
> THE COURT: No, I understand. And that is why I do start out by talking about basically to take your time if there are any questions, because I want you to feel comfortable. It is a difficult process, I'm sure, for you, and the enormity of it is very, very significant. So any hesitation you have, nervousness you have, is certainly understandable to the Court, and we're in no rush here to have this happen fast. It's very very important to you, it's very very important to the Court, so we're going to make sure you are entirely comfortable with what is going on, which is why we go along and explain all of the various issues that are at stake.

Plea Trans. 14:25-16:11. Following this discussion, the Court again offered Mr. Cavienss the opportunity to take more time to discuss with Mr. Bansley and think about whether to plead guilty, which Mr. Cavienss declined:

> THE COURT: Do you want more time to talk to Mr. Bansley about giving up your right to trial and pleading guilty? And again, you can have as much time as you need or want to take.
> THE DEFENDANT: No, your Honor.

*Id.* 17:18-22.

Mr. Cavienss specifically acknowledged his guilt with respect to the offense conduct, explaining that conduct in his own words in the following exchange:

> THE COURT: Now, we're going to turn to the conduct that brings us here today. I would ask you to tell the Court in your own words what you did that shows that you are in fact guilty of the charges to which you are now offering to plead guilty.
> THE DEFENDANT: At the direction of my –
> THE COURT: You have to speak into the microphone. Go ahead, sir.

> THE DEFENDANT: At the direction of a co-conspirator, a co-defendant, I drove my car from Connecticut to Florida with $98,000 and – to purchase drugs for the co-conspirator.
> THE COURT: All right.
> MR. KAPLAN: One moment, your Honor.
> (Discussion held off the record)
> THE DEFENDANT: I also did the same thing going to New York for a co-conspirator.
> THE COURT: And I assume separately, one incident involved – or maybe they were together. One was cocaine and the other heroin?
> THE DEFENDANT: Separately. Yes, sir.
> THE COURT: Also one of the elements with respect to the cocaine count relates to a certain quantity, 500 grams or more. Do you – in terms of your conduct, do you have an understanding of that being a quantity level you were probably possessing?
> THE DEFENDANT: Yes.

Plea Trans. 31:12-32:16.

Mr. Cavienss also acknowledged that he was pleading guilty of "[his] own free will" in the following exchange:

> THE COURT: All right. And is your willingness to plead guilty today based on the discussions that were had between your attorney and the prosecutor that resulted in this agreement?
> THE DEFENDANT: Yes, sir.
> THE COURT: And other than the promises contained in the written agreement, has anyone made any promises that are causing you to plead guilty, sir?
> THE DEFENDANT: No, sir.
> THE COURT: Has anyone made any threats against you or is anyone in any way forcing you to plead guilty or otherwise coercing you to plead guilty, sir?
> THE DEFENDANT: No, sir.
> THE COURT: And are you pleading guilty today of your own free will because you are in fact guilty?
> THE DEFENDANT: Yes, sir.

Plea Trans. 36:12-37:5. Mr. Cavienss had also acknowledged that he was not forced to plead guilty earlier in the hearing:

> THE COURT: And is anyone threatening you or forcing you to enter a plea of guilty today, sir?
> THE DEFENDANT: No, your Honor.

*Id.* 17:14-17.

5

On November 10, 2016, a hearing was held in which Mr. Cavienss made a motion for Mr. Bansley to withdraw as his counsel, and attorney Dan LaBelle was instead appointed as counsel for Mr. Cavienss. *See* ECF No. 143. As the parties indicated at the July 7, 2017 hearing on Mr. Cavienss's current motion to withdraw his guilty plea, the Court became aware that Mr. Cavienss was considering filing such a motion at the time of the November 10, 2016 hearing.

On February 14, 2017, Mr. Cavienss filed a motion to continue the sentencing, in part to "investigate the possibility of filing a motion to withdraw the guilty plea." *See* Motion to Continue, ECF No. 207. On March 15, 2017, the Court informed Mr. Cavienss that he should file a motion to withdraw his guilty plea or a related notice within thirty days of receiving the transcript of the change of plea proceeding. ECF No. 238. On April 3, 2017, the transcript of the change of plea proceeding was filed on the docket. ECF No. 259. On May 17, 2017, the Court noted that Mr. Cavienss had yet to file any motion to withdraw his guilty plea or related notice, and ordered that Mr. Cavienss file such a motion by June 2, 2017. ECF No. 320. On June 1, 2017, Mr. Cavienss filed the current motion to withdraw his guilty plea. ECF No. 327. A hearing on this motion was held of July 7, 2017.

## II. STANDARD OF REVIEW

Under Rule 11 of the Federal Rules of Criminal Procedure, a criminal defendant may withdraw a plea of guilty "after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2). "[A] defendant who seeks to withdraw his plea 'bears the burden of satisfying the trial judge that there are valid grounds for withdrawal, taking into account any prejudice to the government.'" *United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir. 1992) (quoting *United States v. Quinones*, 906 F.2d 924, 928 (2d Cir. 1990)).

"A defendant has no automatic entitlement to have such a motion granted, for society has a strong interest in the finality of guilty pleas, and allowing withdrawal of pleas not only undermines confidence in the integrity of our judicial procedures, but also increases the volume of judicial work, and delays and impairs the orderly administration of justice." *United States v. Maher*, 108 F.3d 1513, 1529 (2d Cir. 1997) (internal citations and marks omitted). Accordingly, "[t]he fact that a defendant has a change of heart prompted by his reevaluation of either the Government's case against him or the penalty that might be imposed is not a sufficient reason to permit withdrawal of a plea." *Gonzalez*, 970 F.2d at 1100.

## III. DISCUSSION

"The standard for withdrawing a guilty plea is stringent because society has a strong interest in the finality of guilty pleas, and allowing withdrawal of pleas not only undermines confidence in the integrity of our judicial procedures, but also increases the volume of judicial work, and delays and impairs the orderly administration of justice." *United States v. Doe*, 537 F.3d 204, 211 (2d Cir. 2008). When determining whether the defendant has shown a "fair and just reason" to justify withdrawal of a guilty plea under Rule 11, the Court generally must consider the following factors: "(1) whether the defendant has asserted his legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and just); and (3) whether the government would be prejudiced by a withdrawal of the plea." *United States v. Rosen*, 409 F.3d 535, 546 (2d Cir. 2005). In addition to these three factors, the Court may also consider "whether the defendant has raised a significant question about the voluntariness of the original plea." *Id.* (citing *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997)). The standard for withdrawal of a guilty plea "is stringent." *Id.*

In light of the *Rosen* factors, and considering the facts and circumstances of this case and the arguments raised by the parties, Mr. Cavienss has not met his burden to withdraw his plea of guilty in this case. Accordingly Mr. Cavienss's motion to withdraw his guilty plea is denied.

### A. Legal Innocence

In determining whether a defendant has shown a "fair and just reason" for the withdrawal of his guilty plea, the first factor that the Court must consider is "whether the defendant has asserted his or her legal innocence." *Rosen*, 409 F.3d at 546. During his change of plea hearing, Mr. Cavienss had acknowledged his guilty with respect to the offense conduct, describing his conduct in his own words. *See* Plea Trans. 31:12-32:16. Mr. Cavienss's motion notes that he "is not asserting his legal innocence as the basis for withdrawing his plea." *See* Motion at 1, ECF No. 327-1. At the hearing on his motion to withdraw his plea, Mr. Cavienss did not put forth any information contradicting his representations at the change of plea hearing regarding his offense. Mr. Cavienss therefore is not asserting his legal innocence.

### B. Time Elapsed between Plea and Motion

The Court also considers "the amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and just)." *Rosen*, 409 F.3d at 546. Mr. Cavienss pled guilty on July 13, 2016, ECF No. 102, but did not file his motion to withdraw his guilty plea until June 1, 2017, roughly eleven months later, ECF No. 327. Mr. Cavienss's motion notes that some of this delay was "attributable to the change in defense counsel," which did not occur until November 10, 2016, and which was followed by "the time it took for new counsel to establish a relationship with the defendant and to counsel him regarding the wisdom of trying to withdraw his plea and proceed to trial." Motion at 2. Mr. Cavienss also

notes that he "brought the issue of his plea withdrawal to the Court's attention fairly quickly."[1] *Id.* At the hearing on Mr. Cavienss's current motion, the parties acknowledged that the Court first became aware of Mr. Cavienss's desire to withdraw his guilty plea at the November 10, 2016 hearing, when Mr. Cavienss switched counsel.

The Court finds that the roughly eleven months that elapsed between Mr. Cavienss's plea proceeding on July 13, 2016 and his formal effort to withdraw his guilty plea by motion on June 1, 2017 weighs against allowing the withdrawal of his guilty plea. Even taking into account that the Court first became aware of Mr. Cavienss's possible intention to withdraw his guilty plea during the November 10, 2016 hearing, the roughly four months that elapsed between the plea proceeding and that hearing still weighs against the granting of Mr. Cavienss's motion. The Second Circuit previously found that a five month delay between the entry of a guilty plea and a motion to withdraw that plea supports a denial of that motion. *See Doe*, 537 F.3d at 213 ("[T]he fact that the defendant waited five months to file his motion strongly supports the district court's finding that his plea was entered voluntarily.").

### C. Prejudice to the Government

The Court also considers "whether the government would be prejudiced by a withdrawal of the plea." *Rosen*, 409 F.3d at 546. As the Government indicates in its response, the crimes alleged in Mr. Cavienss's case occurred from late 2015 to May 2016, Mr. Cavienss was indicted a year before he filed his motion to withdraw his guilty plea, and all of Mr. Cavienss's co-

---

[1] Mr. Cavienss had, at various times between his July 13, 2016 change of plea proceeding and the June 1, 2017 filing of his motion to withdraw his guilty plea, attempted to directly submit letters to the Court regarding his intention to withdraw his guilty plea, which the Court returned to Mr. Cavienss because parties represented by counsel must submit filings through counsel. *See* ECF No. 321; *see also* Fed. R. Crim. P. 49(d) ("A paper must be filed in a manner provided for in a civil action."); Fed. R. Civ. P. 11(a) (Every . . . written motion . . . must be signed by at least one attorney of record in the attoreny's name – or by a party personally if the party is unrepresented."). Mr. Cavienss's February 14, 2017 motion to continue the sentencing indicated that part of the reason for the continuance was for Mr. Cavienss to explore whether to file a motion to withdraw his guilty plea. ECF No. 207.

defendants have pled guilty, "including at least one cooperating witness who has been sentenced and designated to a facility beyond Connecticut." *See* Gov. Br. at 15, ECF No. 332. In these circumstances, the Government would necessarily be prejudiced if it were "required to re-assemble its evidence after more than a year's delay." *United States v. Carreto*, 583 F.3d 152, 157 (2d Cir. 2009)

### D. Voluntariness of the Plea

In addition to the factors above, the Court also considers "whether the defendant has raised a significant question about the voluntariness of the original plea." *Rosen*, 409 F.3d at 546. Mr. Cavienss now argues that his plea was not voluntary because he "did not really want to plead guilty" at the proceeding on July 13, 2016, and that his attorney at the time, Mr. Bansley, "advised [him] that [pleading guilty] was the only thing I could do and that I had to do it" and that Mr. Bansley "didn't really let me make up my own mind about what I wanted to do." Cavienss Decl. ¶ 4, ECF No. 327-2. Mr. Cavienss has also provided some of his communications that predated the July 13, 2016 change of plea proceeding, in which he expressed an intention not to plead guilty. *See* July 7 Letter, ECF No. 327-3; Emails, ECF No. 327-3. At the plea proceeding however, Mr. Cavienss had stated, in response to the Court's questions, that no one had forced him to plead guilty. *See* Plea Trans. 36:12-37:5.

"A defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea." *Torres*, 129 F.3d at 715. The Court may "rely on a defendant's in-court sworn statements that he understood the consequences of his plea, had discussed the plea with his attorney, and knew that he could not withdraw the plea." *Carreto*, 583 F.3d at 157 (internal quotation marks omitted). "[S]worn testimony given during a plea colloquy carries such a strong presumption of accuracy that a district court does not, absent

10

a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made." *United States v. Rivernider*, 828 F.3d 91, 105 (2d Cir. 2016), *cert. denied*, *Ponte v. United States*, 137 S. Ct. 456 (2016) (internal quotation marks omitted).

Mr. Cavienss has not provided the court with a "substantial reason" to discredit any of his testimony at the change of plea proceeding. *Rivernider*, 828 F.3d at 105. During the hearing, after Mr. Cavienss said that he had a question for the Court, the Court informed him that he could "take [his] time if there are any questions," so that Mr. Cavienss could be "entirely comfortable with what is going on." Plea Trans. 14:25-16:11. After that exchange, the Court asked whether Mr. Cavienss wanted "more time to talk to Mr. Bansley about giving up [his] right to trial and pleading guilty," reminding him that he "c[ould] have as much time as [he] need[ed] or want[ed] to take," which Mr. Cavienss declined. *Id.* 17:18-22. Mr. Cavienss proceeded with the plea proceeding, stating, among other things that no one had "threaten[ed] [him] or force[ed] [him] to enter a plea of guilty" at two separate times during the proceeding, to which Mr. Cavienss affirmed that no one had forced him to plead guilty. *Id.* 17:14-17; *see also id.* 36:12-37:5. Nothing in the transcript of the change of plea proceeding suggests that Mr. Cavienss's guilty plea was not knowing and voluntary. The Court may "rely on [Mr. Cavienss's] in-court sworn statements that he understood the consequences of his plea, had discussed the plea with his attorney, and knew that he could not withdraw the plea," all statements that Mr. Cavienss made during his proceeding. *Carreto*, 583 F.3d at 157.

To the extent that Mr. Cavienss's motion attaches his communications, indicating his intentions not to plead guilty, predating the July 13, 2016 plea proceeding, those communications are not a "substantial reason" to discredit any of his testimony at the change of plea proceeding.

11

*Rivernider*, 828 F.3d at 105. During the change of plea proceeding, as explained above, the Court repeatedly asked him whether he was certain that he wanted to waive his right to trial and plead guilty, to which Mr. Cavienss replied yes, and Mr. Cavienss also stated that he had not been forced to plead guilty. To the extent that he now represents that he had "a change of heart," it "is not a sufficient reason to permit withdrawal of [his] plea." *Gonzalez*, 970 F.2d at 1100, especially if that change of heart is not connected to a viable claim of legal innocence.

## IV. CONCLUSION

For the foregoing reasons, Mr. Cavienss's motion to withdraw his guilty plea, ECF No. 327, is **DENIED**.

SO ORDERED at Bridgeport, Connecticut, this 10th day of July, 2017.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge